# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**CS ASSETS, LLC**

      **Plaintiff,**

**v.**                                                                 **CV 07-PT-2254-S**

**WEST BEACH, LLC, et al**

      **Defendants.**

## MEMORANDUM OPINION

      This cause comes to be considered on the Magistrate Judge's Findings and Recommendations filed on December 9, 2008 and the plaintiff's objections thereto filed on December 23, 2008.

      The only contested issue before the court is whether the plaintiff's Motion for Summary Judgment on its complaint filed on April 1, 2008 should be granted.  Defendants did not object to the denial of their motion for partial summary judgment on Counts I and II of their counterclaim nor the granting of plaintiff's motion for summary judgment as to Counts III, IV, V, VI and VII of said counterclaim.  The court will adopt and ratify the said recommendations as to said counts I, II, III, IV, V, VI and VII.

      The issue with reference to plaintiff's complaint is whether summary judgment is appropriate notwithstanding the magistrate judge's conclusion that, "There is a material issue of fact as to whether the purchase price paid by CS Assets, the mortgagee for the property subject to the renewal note 'shocks the conscience.'"  Apparently, the magistrate judge simply determined that he could not conclude, as a matter of law, that the plaintiff's bid price did not "shock the

[proverbial] conscience." The magistrate judge's analysis did not significantly consider the newspaper notice. In a telephone conference on February 3, 2009, the parties acknowledged that the newspaper was published in the county where the property is located and that it is not just a legal advertisement type newspaper.

This court has considered all the cases cited by the parties and the magistrate judge. It appears that Alabama cases suggest, *inter alia*, that:

(1) Mere inadequacy of bid price alone does not invalidate a foreclosure.

(2) The nature and extent of the constructive notice publication and whether there was actual notice are circumstances to be considered.

(3) If the bid price "shocks the conscience," it may invalidate the foreclosure. The Alabama cases establish little, if any, standard with regard to what "shocks." The bid price here does not, in and of itself, shock this judge's conscience.[1]

(4) The fact that the mortgagee was the only bidder and purchaser may be a factor to be considered.

While the question of whether the plaintiff should be granted summary judgment on its claim is a close one, the court cannot conclude that the magistrate judge's conclusion in this regard is incorrect. The court will ratify and confirm the recommendation, without prejudice to further consideration of a motion for summary judgment or, certainly, a trial after further evidence of:

(1) The nature, place and extent of the newspaper's circulation.

---

[1] This judge does not believe that the law requires the creditor to make a speculative investment. If there would be such a bargain, other parties would likely have been interested in a purchase or acquiring defendants' right to redemption.

(2) Whether the newspaper is regularly used to publish such foreclosure notices.[2]

(3) The property values at the time of foreclosure and the trend of such values, and the plaintiff's reason(s) for the bid price.

(4) Whether the debtor had actual notice of the foreclosure.

(5) Other factors.

The ultimate issue is whether the foreclosure proceeding was fraudulent or whether there were reasonable business reasons for the bid price.[3]

This the 6th day of February, 2009.

*Robert B. Propst*
_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] If it is so regularly used, its use might be considered as routine, rather than fraudulent.

[3] The court assumes, but has not researched the issue, that any redemption would have to cover the full indebtedness regardless of the bid price.