IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CS ASSETS, LLC**

      **Plaintiff,**

v.                                                                                                CV 07-PT-2254-S

**WEST BEACH, LLC, et al**

      **Defendants.**

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff CS Assets, LLC's Motion for Summary Judgment filed on June 19, 2009. The court has carefully considered the evidence and the briefs submitted by the parties.

### Summary Judgment Standards

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In

evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party. *Id.* at 251 (*quoting Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

Discussion

The significantly undisputed evidence establishes the debt, the default and the deficiency. The foreclosure was conducted in the usual and ordinary fashion. The only significant purported issue is whether the purchase price at foreclosure was so inadequate as to "shock the conscience of the court." The court concludes that it was not.[1] While there may be a suggested conflict as to the appraisals, the purchase price did not have to be determined with mathematical accuracy. The purchaser was not required to assume all market risk. The recent declining of real estate values is well known. This may have been one of the causes of the defendants' acknowledged financial difficulties. The defendants have had several options if they deem the purchase price was so inadequate. They had the opportunity to attempt to obtain other buyers, bidders or cooperating redeemers. The affidavit of Matthew Piell, one of the owners and principals and the manager of West Beach LLC, does not raise any question about the amount of the indebtedness to the plaintiff.

Court's Final Conclusions

The court concludes that the foreclosure was conducted in a customary fashion after appropriate notice.

Further, that the foreclosure and purchase by the plaintiff was not fraudulent, conducted in bad faith, or otherwise unfair or dishonest. The foreclosure and purchase do not shock the conscience of the court.[2]

The court determines that the foreclosure and purchase were valid and enforceable, and

---

[1] The court so concludes even if the burden of proof is on the plaintiff.

[2] Apparently the First Financial Bank has not been sufficiently impressed with the property value. The defendants are sophisticated property developers with apparent contacts in the area.

that the plaintiff is entitled to a deficiency judgment.

      This the 28th day of July, 2009.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**